## Peter Van Schaack & Sons, Defendant in Error, v. John G. Craig et al., Plaintiffs in Error.

### Gen. No. 15,692.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 29, 1911.

F. H. TRUDE, for John G. Craig, plaintiff in error.

PIERSON & PEASE, for K. A. Weydell, plaintiff in error.

ELBERT C. FERGUSON, for defendant in error; EDWARD L. ENGLAND, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The defendant in error, hereinafter called plaintiff, brought this action against the plaintiffs in error, hereinafter called defendants, for goods sold and delivered to the defendants, copartners, conducting a drug store under the name and style of Crescent Pharmacy. The testimony tended to show a balance of $782.88 due plaintiff; the jury so found and judgment was entered on the verdict.

The defendant Craig insists on the cause being reversed on the grounds that the verdict was clearly and manifestly against the weight of the evidence; that the court erred in excluding certain checks offered by him in evidence, and that there was fraud on the part of the plaintiff and the defendant Weydell in the conduct of the said business and the credits not given the said copartnership by the plaintiff.

The defendants entered into said copartnership and began doing business as the Crescent Pharmacy January 6, 1908, and continued until December 14 or 15, 1908. The defendant Craig was a silent partner in the business. The

defendant Weydell conducted the business and also at the same time conducted two other drug stores of his own. It seems that he kept no separate bank accounts and paid the bills with his personal checks. A statement of the Crescent Pharmacy account was introduced in evidence showing that the account from January 6, 1908, to and including September 26, 1908, was paid and balanced. From September 28, 1908, to and including December 14, 1908, the account showed the defendants purchased from the plaintiff merchandise of the value of $634.39, and this amount, with two memorandum notes given by Weydell to plaintiff for goods purchased for the copartnership prior to September 28, amounting to $148.49, made the total sum due $782.88. This statement the defendant Weydell testified was correct.

We are of the opinion that the preponderance of the evidence is clearly and manifestly with the plaintiff. The checks offered in evidence by the defendant Craig, showing payments prior to September 26, 1908, were properly excluded because the account in evidence showed the credit given for many of them and also the said account was balanced to that time, and nothing being claimed thereon,— except as to the amounts covered by the two memorandum notes mentioned—the checks offered were immaterial. The only check offered in evidence claimed to have been given after September 28th was the personal check of Weydell, dated October 5, for $153.35. The account mentioned shows that October 5 the sum of $77.82 was paid the plaintiff, which balanced same to and including September 26. As to the balance of this check, $75.53, there is no testimony whatever, except the statement of Weydell that the said account was correct and the payments that he made the plaintiff for the Crescent Pharmacy appeared thereon. Under such circumstances we are not disposed to hold the exclusion of said check error. While it appears that the defendant Weydell kept his own and the accounts of the Crescent Pharmacy in a very loose and unbusinesslike manner, there is no reason why the plaintiff should be charged therewith. There is no testimony of any nature in the record that indi-

cates any fraud, or collusion between the plaintiff and the defendant Weydell to defraud the defendant Craig. If the defendant Weydell improperly mingled the funds of his various concerns and converted the money of the copartnership to his own use for purposes other than the business of the Crescent Pharmacy, of course the defendant Craig has his remedy against him, but not against the plaintiff in this action without some proof that the plaintiff was a party to, or had knowledge of, such wrongful conversion, if any.

The judgment is affirmed.

*Affirmed.*